[Civ. No. 2405.   Second Appellate District, Division One.—November
7, 1919.]

## D. STARKEY, Respondent, v. GEORGE E. PARKER, Appellant.

[1] APPEAL—DENIAL OF MOTION FOR CHANGE OF VENUE—ORDER NOT
REVIEWABLE ON APPEAL FROM JUDGMENT.—Alleged error of the
trial court in denying a motion for a change of place of trial
cannot be considered on an appeal from the judgment alone.
Section 963 of the Code of Civil Procedure makes such an order
separately appealable.

[2] ID.—ALTERNATIVE METHOD — MATTERS REVIEWABLE — NOTICE OF
APPEAL.—Under the alternative method a party may appeal from
a judgment or an order, but the provisions of the sections do
not dispense with the necessity for the notice of appeal to sep-
arately state whether the appeal is taken from the judgment, or
some order, or both.

[3] CONTRACTS—FARMING OF LAND—BREACH OF AGREEMENT TO IN-
STALL PUMPING PLANT—TIME FOR INSTALLATION—EVIDENCE.—
In this action for damages for breach of a contract by the
terms of which the plaintiff was to farm certain lands and the
defendant, among other things, was to install a pumping plant
to furnish water to be used on the land within a reasonable time,
it was not prejudicial error to admit testimony of an oral agree-
ment that the plant was to be in a condition to furnish water
by a given date, where the evidence showed that the defendant
did take a reasonable time in exerting himself to procure a
supply of water and failed in the attempt, and, when the crops
were drying up for the want of water, advised plaintiff that
because of "bad luck" he would be unable to prosecute further
work in that direction.

[4] ID.—NOTICE OF INABILITY TO PERFORM—RIGHT TO MAKE IM-
MEDIATE CLAIM FOR DAMAGE SUFFERED.—When defendant notified
plaintiff that the pumping plant and well had failed to be success-
ful and that for lack of money he would be unable to do anything
more toward fulfilling his obligation to procure water with which
plaintiff might irrigate the crops, plaintiff was relieved from the
necessity of making further demand upon him or of allowing
any further time to elapse before exercising his right to make
claim for damages suffered.

APPEAL from a judgment of the Superior Court of Tu-
lare County. W. B. Wallace, Judge. Affirmed.

The facts are stated in the opinion of the court.

John Munro, Fay R. Robertson, Edwards & Smith and
D. M. Edwards for Appellant.

Calvin L. Russell, Calvin L. Russell, Jr., and Lamberson,
Burke & Lamberson for Respondent.

JAMES, J.—Appeal from a money judgment entered
against defendant for damages alleged to have been suffered
by the plaintiff because of the breach of a certain contract
made between the parties.

In November, 1915, the plaintiff and defendant resided in
Los Angeles County; defendant owned certain land in the
county of Tulare; plaintiff was a farmer. The defendant
desired to have his Tulare land worked, and entered into
a contract with the plaintiff whereby plaintiff was to remove
to the land of defendant and farm the same for a period of
five years. The terms of the agreement were reduced to
writing. The defendant, among other obligations assumed,
agreed to furnish brood sows and boars, and also agreed
to install a pumping plant to furnish water to be used
on the land, that term reading as follows: "The said party
of the first part also agrees to install a pumping plant on
said premises to furnish water for use on said land." The
plaintiff assumed the obligation to farm the land in a dili-
gent and husbandlike manner and to raise all food necessary
for the livestock, agreeing further to furnish all horses,
farming implements, and equipment necessary. Pursuant
to this agreement the plaintiff went upon the land of the
defendant in Tulare County and on his part proceeded

to carry out the terms of the agreement. He planted certain crops and by the middle of the year following there were growing twenty-five acres of barley, three acres of pumpkins, and thirty acres of corn. Plaintiff had also built a reservoir for the storage of water and had leveled the land for the purpose of planting alfalfa, and had planted some fruit trees. Defendant had not furnished any hogs, although a number of months before the time last mentioned his attention had been called to that matter, and, while he had looked at certain hogs which were offered for sale, he stated that he considered the price too high and neglected to purchase any. He made an attempt to carry out his contract regarding the furnishing of water, but the well and pumping plant which had been installed failed to produce water in any quantity reasonably sufficient for use upon the land. By June of 1916 the crops planted by the plaintiff were suffering for want of water, and defendant's attention was called to that fact. In a letter dated June 14, 1916, and addressed to the plaintiff, defendant expressed his regret to the plaintiff that the pumping plant and well had failed to be a success. In this letter he complained of "bad luck" and stated, in substance, that he would be unable then to do anything more toward fulfilling his obligation to procure water with which the plaintiff might irrigate the crops. Immediately after this situation arose the plaintiff harvested the barley crop, which was suitable for hay, stacked it available for defendant's use, and abandoned the contract, and within a few weeks thereafter brought this action for damages.

[1] Upon filing his demurrer to the complaint herein, the defendant also gave notice of a motion to have the place of trial changed from the county of Tulare to the county of Los Angeles, and filed an affidavit in support thereof. The motion came on for hearing and was denied. The first contention made by appellant is that the court erred in denying this motion. No counter-affidavits were interposed to the affidavit of defendant and some question is made as to whether the affidavit of appellant sufficiently showed that at the time of the commencement of the action he was a resident of Los Angeles County. As respondent correctly says, however, the question is immaterial here because no appeal was taken from the order denying the motion for

change of place of trial. Section 963 of the Code of Civil Procedure makes such an order separately appealable. Section 956 of the same code, which enumerates the matters which may be reviewed upon an appeal from a judgment, concludes with this provision: "The provisions of this section do not authorize the court to review any decision or order from which an appeal might have been taken." As this appeal was from the judgment alone, considering the provisions we have cited, it is quite plain that the question now sought to be raised as to the alleged error of the court in ruling upon the motion cannot be considered. Appellant's counsel argue that because the appeal is taken under what is known as the alternative method, his right to have a review of the question made is freed from the limitations imposed by sections 963 and 956 of the Code of Civil Procedure. [2] We find nothing in the sections to which our attention is by appellant directed which extends at all the right of an appellate court to review questions on appeal from the judgment alone beyond the limit fixed by the statutes referred to. Under the alternative method a party may appeal from a judgment or an order, but the provisions of the sections do not dispense with the necessity for the notice of appeal to separately state whether the appeal is taken from the judgment, or some order, or both.

[3] The remaining question argued in the briefs is that raised by appellant when he contends that the court erred in admitting testimony of oral negotiations the effect of which was to add to the terms expressed in the written contract. This oral testimony consisted of a showing made by respondent's witnesses that it was orally agreed that the pumping plant which appellant was to furnish was to be in condition to furnish water by the first of February. Appellant's contention is that this evidence was incompetent because, under the terms of the written contract, he would have a reasonable time after the occupation of the land by respondent within which to install the plant. Assuming that there was error in permitting this testimony of oral negotiations to be introduced, in the face of the facts shown by the record and sustained by the court in its findings, the error is wholly without prejudice. This because of two things: First, appellant did take a reasonable time (about six months) in exerting himself to procure a supply of water

and failed in the attempt. Second, in June, 1916, when the crops planted by respondent were drying up for the want of water, he advised respondent in direct terms that because of "bad luck" he would be unable to prosecute further work in that direction. What would amount to a reasonable time for the procuring of a water supply would depend upon the circumstances. The condition of the obligation of respondent was to farm the land; his term of service commenced on the 1st of November, 1915, and it must be supposed that the parties intended, judging by the terms of the written contract alone, that the water supply should be ready and available whenever the crops, in the ordinary course of farming, would need it, and that time naturally would be at the approach of summer. The crops were found actually to be in need of water in June and the water supply had not been made available for respondent's use. [4] Furthermore, when appellant notified respondent that for lack of money he would not be able to complete work on the well, he relieved respondent from the necessity of making further demand upon him or of allowing any further time to elapse before exercising his right to make claim for damages suffered.

The findings of the trial court are fully sustained by the evidence and no error appears which would justify a reversal.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.